**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARIA NUBE GOMEZ CARCHI,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN DELANEY HALL DETENTION FACILITY, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-13988 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Maria Nube Gomez Carchi, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Petitioner is a citizen of Ecuador. (ECF No. 5-1 at 1). She was encountered by Border Patrol near Hidalgo, Texas on January 3, 2011. (*Id.* at 2). She was processed as an expedited removal and removed on January 14, 2011. (*Id.*)

3. Border Patrol encountered Petitioner again on February 21, 2011. (*Id.* at 3). Her removal order was reinstated on February 25, 2011. (*Id.*)

4. She requested a credible fear interview on March 30, 2011 but withdrew it on June 16, 2011. (*Id.*) She was removed on July 1, 2011. (*Id.*)

5. Petitioner reentered the country at an unknown date and time and was detained by immigration authorities on October 24, 2026. (*Id.* at 2). Her removal order was reinstated the same day. (ECF No. 5-4). She signed the form indicating that she did not want to contest the reinstatement. (*Id.*)

6. Petitioner filed her Petition on October 27, 2026 alleging that she was being unlawfully detained. (ECF No. 1 ¶¶ 33-38).

7. Respondents assert that Petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(5) because she has a reinstated final order of removal and is still within the mandatory detention period. (ECF No. 5 at 1-2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner was ordered removed on January 10, 2011, and that order of removal was reinstated on October 24, 2026. (ECF No. 5-2; ECF No. 5-4).

11. Under 8 U.S.C. § 1231(a)(5), when a noncitizen reenters the United States after having been removed under a prior order, "the prior order of removal is reinstated from its original date" and the noncitizen "shall be removed under the prior order." The reinstated removal order is administratively final, and Petitioner's detention is governed by § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

12. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

13. "In the context of reinstated removal orders, the 90-day removal period begins to run on the date when petitioner's prior removal order is reinstated." *Teodore De La T.M., v. Warden of the Golden State Annex, et al.*, No. 1:26-cv-3789, 2026 WL 2210030, at *2 (E.D. Cal. July 31, 2026) (cleaned up); *see also Inestroza-Tosta v. Att'y Gen.*, 105 F.4th 499, 513 (3d Cir. 2024) (noting the removal order "was 'administratively final' at reinstatement"), *abrogated in part on other grounds by Riley v. Bondi*, 606 U.S. 259, 267-73 (2025); *Rene Orlando De La Rosa Izaguirre, v. Blanche*, No. 26-cv-2911, 2026 WL 2023200, at *12 (E.D.N.Y. July 13, 2026) ("The removal period began only when the removal order was reinstated.")

14. Petitioner was taken into custody on October 24, 2026, and the removal order was reinstated the same day. (ECF No. 5-4). She is well within the 90-day removal period. Her detention is currently mandatory.[1]

15. Accordingly, this Court will deny the Petition. Any restrictions on Petitioner's location will be lifted.

[1] This decision is limited to the facts alleged in the Petition, and this Court expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to her detention in the future. Nothing in this Opinion and Order shall be construed to prevent her from making the argument.

16. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 13, 2026